HOSEA B. PHILLIPS *vs.* ROBERT GERRY.

Hancock.    Opinion June 5, 1883.

*Evidence.    Auditor.    Practice.*

In a real action to foreclose a mortgage given to secure a note of one thousand dollars, the defence relied upon a receipt from the plaintiff in these words : "This day received of Robert Gerry his note of one thousand dollars on three months with eight per cent interest; when he pays, I am to give up a note for one thousand dollars I hold a mortgage for on land at Ellsworth," with evidence that that note had been paid, the defendant claiming that the receipt referred to this mortgage note; it was held admissible for the plaintiff to present in evidence two other notes of one thousand dollars each, which he had held and endorsed for the benefit of the defendant, and which were secured by another mortgage, the plaintiff claiming that the receipt referred to a renewal of one of these notes, which he held at the date of the receipt.

It is not error to recommit a report to an auditor after it has once been accepted and used at a trial, when the verdict has been set aside and a new trial granted. And where the auditor's second report reaffirms the first, it is competent for the court to allow both to be read in evidence at the new trial.

ON EXCEPTIONS.

This was a real action to foreclose a mortgage.
The material facts are stated in the opinion.

*George P. Dutton*, for the plaintiff.

*Hale and Emery*, for the defendant.

The issue was whether the receipt applied to the mortgage note or a duplicate note. The duplicate note was admissible, but the note we object to was another which was not in controversy. It only served to confuse the jury and inflame the amount of Gerry's indebtedness. Much more was this the case when the whole string of notes was let in. All these notes were apparently new, and additional claims against the defendant, giving the jury the impression that the defendant was certainly owing the plaintiff a large amount.

The court cannot go behind the bill of exceptions, and there is nothing there to show that the evidence was material or relevant.

Counsel further contended that it was error to recommit the auditor's report, after it had once been accepted and used at a trial. But if that could be done, and a new report is made and accepted and used in evidence, certainly the first report could not be thus used. The first report is no longer in court. It had been recommitted and another report made.

SYMONDS, J. Real action to foreclose a mortgage. The case itself is not reported, but from the exceptions we understand that, the plaintiff having first offered in evidence the mortgage and the accompanying note for one thousand dollars, dated May 21, 1874, the defendant then introduced the following receipt, signed by the plaintiff, and dated April 29, 1878. "This day received of Robert Gerry his note for one thousand dollars, on three months with eight per cent interest. When he pays, I am to give up a note for one thousand dollars,. I hold a mortgage for on land at Ellsworth;" claiming that this receipt referred to the mortgage note which the plaintiff had introduced, and that the note had been paid.

Thereupon it appeared that the plaintiff had held, and had indorsed for the defendant's benefit two other notes of the defendant for one thousand dollars each, and each dated August 27, 1877, secured by another mortgage; and the question arose to what note does this receipt refer. Upon that issue, the court received in evidence both the notes of August 27, 1877 — or rather the original of one of them, and a duplicate which had been given to take the place of the lost original of the other — together with several notes which had been given in renewal of them; the plaintiff claiming that one of these renewals, dated April 29, 1878 (and not the mortgage note which he had introduced) was the note mentioned in the receipt.

The statement of the ruling explains and justifies it. It was neither more nor less than allowing the jury, called upon to distinguish between two things, to see both of them. Whether the receipt intended the note secured by the mortgage declared on, or one of the two notes of August 27, 1877, renewed, must

have been the material inquiry. We see no reason for excluding from the attention of the jury the facts relating to either branch of the investigation. The whole transaction of April 29, 1878, and not a part of it only, was the proper subject of examination in determining to what the receipt of that date referred.

The recommitment of the report to the auditor, at the October term, 1881, was not erroneous. The statute confers general authority in that respect, without limitation as to the term or the previous history of the case. R. S., c. 82, § 63; Pub. Laws, 1881, c. 36. Notwithstanding the report had once been accepted and had been used at one trial, when the verdict was set aside and a new trial granted, it was in the discretion of the presiding judge to order a recommitment of the report to the auditor for a more extended statement of his findings upon matters of fact. The decision of the law court might render such a course advisable or necessary. The auditor's second report reaffirmed the first, rendering it competent for the court to allow both to be read in evidence to the jury.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.